Cory L. Braddock (#024668)
Jacob C. Jones (#029971)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: cbraddock@swlaw.com
        jcjones@swlaw.com

*Attorneys for Defendant Wright Medical Technology, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christine McGee, a married woman, | No. |
| Plaintiff, | **NOTICE OF REMOVAL OF DEFENDANT WRIGHT MEDICAL TECHNOLOGY, INC.** |
| v. | |
| Wright Medical Technology, Inc., a Delaware corporation; John and Jane Does I-X; Black Corporations I-X; and White Corporations I-X, | Maricopa County Superior Court Case No. CV2019-001616 |
| Defendants. | **JURY TRIAL DEMANDED** |

Pursuant to 28 U.S.C. §§ 1441 and 1446, and LRCiv 3.6, Defendant Wright Medical Technology, Inc. ("WMT" or "Wright Medical"), by and through its counsel, files this Notice of Removal to remove this action from the Superior Court of the State of Arizona, in and for the County of Maricopa, where this action is now pending, to the United States District Court for the District of Arizona. In support of this Notice, Wright Medical states:

1.     On February 15, 2019, Plaintiff Christine McGee ("Plaintiff") commenced an action against Wright Medical, John and Jane Does I-X, Black Corporations I-X, and White Corporations I-X in the Superior Court of the State of Arizona, in and for the County of Maricopa, captioned *Christine McGee v. Wright Medical Technology, Inc., et al.*, Case No. CV2019-001616. A copy of Plaintiff's complaint is attached as Exhibit 2 to the Verification in Support of Notice of Removal ("Verification") filed contemporaneously herewith.

DM1\9394767.1

2.      Wright Medical was served with Plaintiff's complaint on March 18, 2019.

3.      This Notice of Removal is timely filed with this Court as required by 28 U.S.C. § 1446(b), because it is filed within thirty (30) days of service of Plaintiff's complaint on Wright Medical on March 18, 2019.

4.      Plaintiff is a citizen of the State of Arizona.  *See* Exhibit 2 to the Verification at ¶ 1.

5.      At the time this action was filed, at the time of this Notice of Removal, and at all relevant times, WMT was and is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Tennessee.  Therefore, WMT is not a citizen of the State of Arizona.

6.      The citizenship of John and Jane Does I-X, Black Corporations I-X, and White Corporations I-X is irrelevant because "[t]he citizenship of defendants sued under fictitious names shall be disregarded" "in determining whether a civil action is removable on the basis of" diversity jurisdiction.  28 U.S.C. § 1441(b)(1).

7.      Plaintiff alleges that she underwent a left total hip arthroplasty on October 31, 2007 wherein she was implanted with "various Wright Medical products" including "the Profemur Z stem, the Conserve Total A-Class head, and the Dynasty shell."  *See* Exhibit 2 to the Verification at ¶ 8.  Plaintiff alleges that she suffered injuries as a result of the implantation of the Wright Medical hip implant components, and that such components were defective.  *See id.* at ¶¶ 8-33.  Plaintiff alleges that "[i]n early April, 2017," her physicians noted that her implants had failed, and that she underwent a revision surgery on April 19, 2017.  *Id.* at ¶¶ 9-10.  Plaintiff alleges that "[c]omplications stemming from the failed left Wright Medical hip implant have caused, and continue to cause additional pain and suffering subsequent to the revision surgery."  *Id.* at ¶ 11.

8.      In her complaint, Plaintiff seeks damages for pain and suffering, medical expenses, loss of income and earning capacity, and punitive damages.  *Id.* at p. 6.  Plaintiff's complaint does not specify the amount of damages she seeks, but states that the "minimal jurisdictional amount established for filing this action has been satisfied."  *Id.* at ¶ 7.

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

9.     Notwithstanding this fact, based upon the pleadings, alleged injuries, and reasonable deductions and inferences drawn therefrom, it is evident that the amount in controversy in this civil action exceeds $75,000, exclusive of interest or costs.

10.     Where the complaint does not demand a specific dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Welsh v. N.H. Ins. Co.*, 843 F. Supp. 2d 1006, 1009 (D. Ariz. 2012) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)); *Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575, 577 (D. Ariz. 2003) ("In cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000].") (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)).  "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Welsh*, 843 F. Supp. 2d at 1009 (quoting *Sanchez*, 102 F.3d at 404).

11.     "For purposes of calculating the amount in controversy, in addition to considering a plaintiff's potential compensatory damages, a court may consider a plaintiff's potential punitive damages as well as a potential award of attorneys' fees, if such fees are authorized." *See Ansley*, 215 F.R.D. at 577.  Moreover, the inquiry into the amount in controversy in such circumstances "is not confined to the face of the complaint." *See Welsh*, 843 F. Supp. 2d at 1009 (citing *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)).

12.     A plaintiff may not avoid removal to federal court by simply remaining silent as to the specific amount in controversy.  Instead, when the complaint does not demand a specific amount of monetary relief, removal is still proper if the amount in controversy more likely than not exceeds $75,000. *See Welsh*, 843 F. Supp. 2d at 1009; *Ansley*, 215 F.R.D. at 577.

13.     "When plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

DM1\9394767.1

the jurisdictional amount." *See, e.g., McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) (citing decisions from federal courts throughout the United States which have held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount).

14. Here, the preponderance of the evidence demonstrates that the amount in controversy exceeds $75,000. Plaintiff alleges she had to undergo a revision surgery resulting from the alleged failure of her Wright Medical hip implant components, and that "[c]omplications stemming from the failed left Wright Medical hip implant have caused, and continue to cause additional pain and suffering subsequent to the revision surgery." *See* Exhibit 2 to the Verification at ¶¶ 10-11. As a result, Plaintiff seeks present and future damages for pain, anguish, sorrow, mental and/or emotional suffering, limitation, stress, and shock. *See id.* at p. 6. Plaintiff also seeks damages for present and future medical expenses, loss of income and earning capacity, and punitive damages. *See id.*

15. Moreover, Plaintiff's complaint "certifies that this case warrants case management and pretrial discovery under Tier 3." *See id.* at pp. 5-6 ("Tier Designation"). Per Ariz. R. Civ. P. 26.2(c)(3)(C), "Tier 3" cases include "[a]ctions claiming $300,000 or more in damages." This allegation in Plaintiff's complaint provides further support for the fact that the jurisdictional amount in controversy is satisfied in this case.

16. Thus, a fair reading of the complaint and Plaintiff's alleged damages set forth therein, the experience of undersigned counsel in these types of cases, as well as the magnitude of damage awards in state and federal courts in this district, indicate that the amount in controversy, exclusive of interests and costs, exceeds $75,000. *See, e.g., Milter v. Wright Med. Tech., Inc.*, 2011 U.S. Dist. LEXIS 105692 (E.D. Mich. Sept. 19, 2011) (holding that claims of physical injuries, resulting medical expenses, and lost wages resulting from receipt of allegedly defective hip implant exceeded jurisdictional threshold); *Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1381 (M.D. Fla. 2009) (concluding that jurisdictional threshold was met in products liability action involving

Snell & Wilmer L.L.P. LAW OFFICES One Arizona Center, 400 E. Van Buren, Suite 1900 Phoenix, Arizona 85004-2202 602.382.6000

allegedly defective hip implant manufactured by Stryker, where plaintiff sought damages for physical pain and medical expenses); *Culpepper v. Stryker Corp.*, 968 F. Supp. 2d 1144, 1158 (M.D. Al. Sept. 12, 2013) (determining that jurisdictional threshold was met in case alleging defects in Stryker knee replacement components where plaintiff alleged injuries including revision surgeries, medical expenses, emotional suffering, and punitive damages, and where plaintiff made an unspecified demand in complaint).  Therefore, removal is appropriate.

17.    The court's ruling in *Milter*, *supra*, is directly on point and supports that the jurisdictional threshold is satisfied in this case.  There, the plaintiff brought an action against Wright Medical for alleged injuries due to purported defects in substantially similar hip implant components.  *See Milter*, 2011 U.S. Dist. LEXIS 105692 at *8.  Although the *Milter* plaintiff only stated that the amount at issue "was more than $25,000," the court denied the plaintiff's motion for remand, finding the jurisdictional requirement was satisfied under the equivalent preponderance of the evidence standard applied in this Court.  *Id.* at *9.  This denial was based on a review of the allegations in the complaint, which stated that the plaintiff endured a "[r]evision surgery, which [was] described in the complaint as a 'painful and complicated in-patient hospital procedure,' where defective components of the prosthetic hip were surgically removed from the plaintiff's body and replaced with new components"; that "[p]laintiff experienced 'premature loosening'" of the components; and that "corrosion of the metal components in [Wright Medical's] device allegedly resulted in the presence of 'extremely elevated levels of toxic metals' in [p]laintiff's blood."  *Id.* at *10.  These allegations are analogous to those in the present case, *see, e.g.,* Exhibit 2 to the Verification at ¶¶ 9-11, 18, 20-21, 26-27, 32, and this Court should likewise conclude that "[t]here is no doubt that the injuries alleged by Plaintiff herein 'more likely than not' exceed the $75,000 jurisdictional threshold."  *Id.*

18.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and other papers relative to the State Court Action are attached as Exhibits 1 through 6 to the Verification.

DM1\9394767.1

19.     Pursuant to 28 U.S.C. § 1446 and LRCiv 3.6(a), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of Arizona, in and for the County of Maricopa, and a copy of this Notice of Removal will be served on the attorney for Plaintiff as required by 28 U.S.C. § 1446(d).

20.     By filing this Notice of Removal, Wright Medical does not waive any defense that may be available to it, including defects as to service of process, venue, or jurisdiction.

21.     This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11 and in accordance with 28 U.S.C. § 1446.  The statements and allegations herein are true and correct to the best of the knowledge and belief of the undersigned upon review of the material available.

22.     Based upon the foregoing, Wright Medical has met its burden of establishing that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a), and that this action is one that may be removed to this Court by Wright Medical pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

WHEREFORE, the filing of this Notice of Removal effects the removal of the above-described action now pending in the Superior Court of the State of Arizona, in and for the County of Maricopa, to this Court.

DATED this 17th day of April, 2019.

SNELL & WILMER L.L.P.


By: *s/ Jacob C. Jones*
        Cory L. Braddock
        Jacob C. Jones
        One Arizona Center
        400 E. Van Buren, Suite 1900
        Phoenix, Arizona  85004-2202

        *Attorneys for Defendant Wright*
        *Medical Technology, Inc.*

DM1\9394767.1

**CERTIFICATE OF SERVICE**

I certify that on April 17, 2019, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record, and I caused a copy to be mailed via U.S. Mail, postage prepaid, to the last known address of Plaintiff's counsel, as follows:

Robert W. Boatman
Shannon L. Clark
Matthew R. Boatman
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, AZ 85016-9225

By: *s/ Jacob C. Jones*

4846-4865-4996

DM1\9394767.1